UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALLMARK SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>KAMFLEX CONVEYOR CORPORATION, et al.,<br><br>        Defendants. | Case No. 20-cv-05563-VC<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 17 |

The *Eitel* factors support entry of default judgment in this case. *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). Notably, exclusion m. of Kamflex's insurance policy bars coverage. Exclusion m precludes coverage for "'[p]roperty damage' to 'impaired property' . . . arising out of: (1) A defect, deficiency, inadequacy or dangerous condition in '[the insured's] product' or '[the insured's] work'; or (2) A delay or failure by [the insured] or anyone acting on [the insured's] behalf to perform a contract or agreement in accordance with its terms." Impaired property is elsewhere defined as tangible property "that cannot be used or is less useful because: a. It incorporates '[the insured's] product' or '[the insured's] work' that is known or thought to be defective, deficient, inadequate or dangerous; or b. [The insured] ha[s] failed to fulfill the terms of a contract or agreement . . . ." This is precisely what Desserts on Us alleges in the underlying action—it claims that it is unable to use a new building because that building contains Kamflex's defective cookie packaging system; and that Kamflex failed to fulfil its contractual obligation to install a working system. Accordingly, there no potential for indemnity, and Hallmark has no duty to defend Kamflex. *See, e.g.*, *All Green Electric, Inc. v. Security National*

*Ins. Co.*, 22 Cal. App. 5th 407, 413 (2018). The motion for default judgment is therefore granted.

**IT IS SO ORDERED.**

Dated: February 5, 2021

_____
VINCE CHHABRIA
United States District Judge